UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-03603 |
| | ) | |
| $48,400.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Jeffrey D. Preston, Assistant United States Attorney, alleges on

information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. §

881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate

a violation of, the Controlled Substances Act.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.      This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C.

§ 1355(b) (forfeiture action can be brought in the district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the

government's possession).

4.     This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT CURRENCY

5.     The Defendant is Forty-Eight Thousand and Four Hundred Dollars and No Cents ("$48,400.00") in United States Currency ("the Defendant Currency').  The Defendant Currency was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP").  The Defendant Currency has been assigned Asset Identification Number 17-CBP-000240.

## FACTS

6.     On March 1, 2017, officers from a parcel / bulk cash smuggling interdiction task force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted an interdiction operation at a local Federal Express shipping facility in Indianapolis.

7.     Parcel / bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds.  Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation.  Based on information and experience, task force officers can easily identify suspicious packages with indicators such as newly-bought boxes from the shipping company, overnight shipping with unknown payment methods, and heavy external

2

tap at the boxes' seams.  Packages involved in bulk cash smuggling are typically sent to known source states for illegal controlled substances (e.g. California, Texas, and Arizona).  Smugglers often use means to preserve their anonymity, such as using neutral location like a shipping store as the sender or receiver's address.  Additionally, packages draw suspicion if they are send from an individual to an individual and from a non-business sender to a non-business receiver.

8.     On March 1, 2017, during the routine parcel / bulk cash smuggling interdiction, task force officers isolated a suspicious package bearing tracking number 785756053840.  The package was being sent from Philip Oxendine, care of Parkwood Pack & Ship, 12325 Academy Road, Philadelphia, Pennsylvania, 19154 to Sean Lopez, 742 South Ferris Avenue, Los Angeles California, 90022.

9.     Task force officers selected the package for isolation because its appearance met the indicators of a package involved in bulk cash and controlled substance smuggling.  Officers noticed that the package was a newly-bought box from the shipping company that had heavy external tape at its seams.  Upon further inspection, officer saw that it was being sent via standard overnight shipping without an identifying payment method to a known source state for illegal controlled substances.  The fact that the package was being shipped in the care of a shipping store, rather than a business or residential address, drew increased suspicion.  Further, the package was being sent from an individual to an individual and from a non-business sender to a non-business receiver.

 

10.     That same day, an IMPD officer and his canine partner examined the exterior of the isolated package for the odor of illegal controlled substances.  The canine has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.  A blind search was conducted, where the suspicious package was placed among two similarly sized and shaped, non-suspicious packages.  After this, the canine was brought in to inspect all three packages.  After sniffing each package, the canine gave a positive alert for the suspicious package, while ignoring the non-suspicious packages.

11.     The IMPD officer then applied for a search warrant to inspect the interior of the package based on the suspicious appearance of the package and the canine's positive alert.  On March 1, 2017, a Marion County Superior Court Judge for the State of Indiana granted the search warrant upon a determination of probable cause.

4

12.     After receiving the search warrant, task force officers opened the package.  Officers found a bubble-wrapped clear storage container with a lid that had been secured with heavy packaging tape.  The inside of the storage container, there were several children's books and wads of magazine pages concealing two double layered heat and vacuum sealed plastic bags.  These bags were stuffed with car air-fresheners and rubber-banded stacks of U.S. currency. Smugglers regularly use extensive packaging methods to conceal the presence of currency in packages. Additionally, materials such as heat and vacuum sealed bags, packaging tape, and air-fresheners are often used to mask to odor of illegal controlled substances.  As is typical of bulk cash smuggling, there was no document or correspondence indicating the purpose of the currency.



13.     The IMPD officer and his canine partner conducted a second blind search of the package after the package had been opened.  Having been allowed to sniff the currency directly, the canine again gave a positive alert for the presence of the odor of illegal controlled substances on the suspicious package, while ignoring the non-suspicious packages.

14.     The Defendant Currency was seized, converted into cashier's check, and retained in the custody of ISP District 52 pending the issuance of a state turnover order.  On June 27, 2017, a Marion Superior Court Judge for the State of Indiana issued a turnover order under cause number 49D05-1703-MI-009628.   The Defendant Currency and related property was then released into the custody of DHS-CBP.

15.     Administrative forfeiture was not initiated because notice could not be given to potential claimants within 90 days of the date of the seizure due to delay in a state turnover order allowing for the transfer of the Defendant Currency to DHS-HSI and DHS-CBP.

16.     Law enforcement and internet database searches revealed problems with the information provided on the shipping label.  The sender does not appear to be directly associated to Parkwood Pack & Ship business that mailed the "care of" package and the recipient is not associated with the address on the shipping label.  Though the phone numbers on the label appear to be valid, neither seem to be associated with the sender or recipient's name.

17.     Based on information and belief, Philip Oxendine is also known as Phillip R. Oxendine.  Phillip R. Oxendine's address, as of October 2015, is listed as 2831 Woodbridge Road, Philadelphia, Pennsylvania, 19114.  This address is 3.5 miles away from Parkwood Pack & Ship, the shipping store where the suspicious package was sent. Database searches have shown that no other Philip Oxendine or Phillip R. Oxendine lives within 50 miles of Philadelphia, Pennsylvania.

18.     Based on information and belief, Philip Oxendine has a criminal history that includes a conviction in the state of Pennsylvania for Possession of a Controlled Substance and Possession of Drug Paraphernalia on September 26, 2002, in *Commonwealth of Pennsylvania v. Phillip R. Oxendine*, Cause No.   CP-14-CR-0001519-2002, Centre County Court of Common Pleas.

19.     It is against Federal Express policy, as stated on its website, to ship cash via Federal Express.  *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES

20.     Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

21.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

## CLAIM FOR RELIEF

22.     Based on the factual allegations set forth above, the Defendant funds are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant funds pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:      *s/ Jeffrey D. Preston*
Jeffrey D. Preston
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Jason Rodriguez, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/21/19

Jason Rodriguez
Special Agent, HSI

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**   County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
        Plaintiff

❏ 2   U.S. Government
        Defendant

❏ 3   Federal Question
        *(U.S. Government Not a Party)*

❏ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>     Liability<br>❏ 320 Assault, Libel &<br>     Slander<br>❏ 330 Federal Employers'<br>     Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>     Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>     Product Liability<br>❏ 360 Other Personal<br>     Injury<br>❏ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury  -<br>     Product Liability<br>❏ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>❏ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>     Property Damage<br>❏ 385 Property Damage<br>     Product Liability | ❏ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>     Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>     Act<br>❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **LABOR**<br>❏ 710 Fair Labor Standards<br>     Act<br>❏ 720 Labor/Management<br>     Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>     Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>     Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>❏ 950 Constitutionality of<br>     State Statutes |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>     Accommodations<br>❏ 445 Amer. w/Disabilities -<br>     Employment<br>❏ 446 Amer. w/Disabilities -<br>     Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>     Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>❏ 871 IRS—Third Party<br>     26 USC 7609 | | |
| | | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>     Actions | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
        Proceeding

❏ 2   Removed from
        State Court

❏ 3   Remanded from
        Appellate Court

❏ 4   Reinstated or
        Reopened

❏ 5   Transferred from
        Another District
        *(specify)*

❏ 6   Multidistrict
        Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:      ❏ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____          DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-03603 |
| | ) | |
| $48,400.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:    ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 26th day of August, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against forty-eight thousand and four hundred dollars in United States Currency ("$48,400.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.